UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMANN,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>U.S. CUSTOMS AND BORDER  )<br>PROTECTION,  )<br>  )<br>  Defendant.  )<br>_____) | Civil Action No.: 2:20-cv-06427<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF** |

Plaintiff Karen L. Hoffmann, an attorney admitted to practice before this Honorable Court, proceeding *pro se*, as and for her complaint against the above-named Defendant, affirms as follows:

## NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking disclosure and release of agency records improperly withheld from Plaintiff by Defendant U.S. Customs and Border Protection ("CBP").

2. In February 2019, Plaintiff submitted a request for agency records, regarding communications between CBP agents or employees and one Hector Menchaca; communications relating to the capacity of CBP to accept asylum seekers for processing at the Eagle Pass, Texas, Port of Entry ("POE"); communications relating to a list of migrants awaiting their turn to present

themselves at the Eagle Pass POE; and communications regarding migrants detained in Piedras Negras, Mexico.

3. In April 2019, Plaintiff timely appealed CBP's deemed denial of her request.

4. In the nearly two years that have elapsed since receiving Plaintiff's request, CBP has yet to provide a response.

5. Because CBP has failed to adequately search for and properly disclose the agency records responsive to her FOIA request, Plaintiff seeks declaratory and injunctive relief under the Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

7. Venue is proper within this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(c)(1) and (e)(1)(C) because Plaintiff is a resident of this District.

## PARTIES

8. Plaintiff, Karen L. Hoffmann, is an attorney at the Philadelphia, Pennsylvania firm Syrena Law.

9. CBP is an executive agency of the United States government and is responsible for safeguarding America's borders. CBP is an "agency" within the

meaning of 5 U.S.C. § 552(f)(1). CBP is an agency component within the Department of Homeland Security ("DHS").

10. CBP has custody of, possession of, and control over, the records sought by Plaintiff under the Act, and CBP had such custody, possession, and control at the time the records were requested.

## STATEMENT OF FACTS

11. Plaintiff submitted a Freedom of Information Act request to CBP through its online FOIA portal on February 21, 2019.

12. Her request described the records sought as follows:

- Any and all correspondence and/or record of communications between CBP agents or employees and Hector Menchaca.
- Any and all correspondence and/or record of communications between CBP agents or employees and the telephone number +52-878-703-2497.
- Any and all communications relating to the capacity of CBP to accept asylum seekers for processing at the Eagle Pass POE from January 1, 2019 to present.
- Any and all internal or external CBP communications regarding a list of migrants awaiting their turn to present themselves at the Eagle Pass POE from January 1, 2019 to present.
- Any and all internal or external CBP communications regarding migrants detained in Piedras Negras, Mexico, from January 1, 2019 to present.

13. On February 21, 2019, the request was assigned tracking number CBP-2019-030712.

14. On February 23, 2019, CBP notified Plaintiff that the tracking number for the request had been changed to CBP-OIT-2019-030712.

15. On April 5, 2019, having received no response to the request, Plaintiff appealed the deemed denial pursuant to 6 C.F.R. § 5.8 and requested a response from Defendant within the statutory 20-day time limit.

16. On April 10, 2019, CBP notified Plaintiff that the request had its tracking number changed back to the original number, CBP-2019-030712.

17. As of the date of filing, nearly two years since her request, Plaintiff has not received a response to the appeal nor any responsive records.

18. The current FOIA Online status portal shows her request phase as "processing" and her final disposition as "undetermined." The same system shows an anticipated production date of March 25, 2019.

## COUNT I

### Violation of the FOIA: Improper Withholding of Agency Records

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff has a legal right under the FOIA to obtain agency records described in her request.

21. No legal basis exists for CBP's failure to adequately search for and promptly disclose responsive agency records in accordance with the timing and other requirements of the Act.

22. CBP's failure to make reasonable efforts to search for responsive agency records, and its wrongful withholding of agency records sought in connection with Plaintiff's request, violate the FOIA.

23. Plaintiff has exhausted all of her administrative remedies.

24. CBP failed to produce documents subject to disclosure under the FOIA or to claim any legally justifiable exemption to their disclosure.

25. CBP's delay in responding to the FOIA requests is not justified by any legal defense under the FOIA or the implementing regulations.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment enter in her favor and against Defendant, and that the Court:

A. Order Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them, to conduct a reasonable search for records responsive to Plaintiff's request under the FOIA;

B. Preliminarily and permanently enjoin and restrain Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them from withholding the agency records at issue in this case;

C. Order Defendant to produce to Plaintiff all agency records that are responsive to Plaintiff's request and not exempt pursuant to FOIA no later than 30 dates after answering Plaintiff's Complaint; and

D. Grant such other relief at law and in equity as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 22nd day of December, 2020.

_Karen H_

Karen L. Hoffmann, Esq.
Syrena Law
128 Chestnut Street, Suite 301A
Philadelphia, PA 19106
412-916-4509
karen@syrenalaw.com

Plaintiff *pro se*