IN THE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN HOFFMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20cv6427 |
| | : | |
| U.S. CUSTOMS AND BORDER PROTECTION, | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT
## U.S. CUSTOMS AND BORDER PROTECTION

Pursuant to Federal Rule of Civil Procedure 12, defendant United States Customs and Border Protection ("CBP") answers plaintiff Karen Hoffman's Complaint (Dkt. No. 1) as follows:

1. Paragraph 1 of the Complaint merely characterizes Hoffmann's lawsuit under the Freedom of Information Act (FOIA) and contains legal conclusions to which no response is required. To the extent a response is deemed required, defendant CBP denies the allegations, except to admit that the lawsuit was filed pursuant to FOIA, 5 U.S.C. § 552.

2. Defendant CBP admits the Paragraph 2 allegations, but respectfully refers the Court to the cited document (*i.e.*, to Hoffman's "request") for a full, fair, and accurate account of its contents.

3. Admitted.

4. Denied as stated. Although as of the time that Hoffman filed her Complaint defendant CBP had not yet produced responsive, non-privileged

1

materials, CBP has since produced all responsive, non-privileged documents to Hoffman.

5. Denies that defendant CBP's search and production have been inadequate, but admits that Hoffman seeks her stated relief.

## JURISDICTION AND VENUE

6. This paragraph contains jurisdictional allegations, not averments of fact for which an answer is required. To the extent an answer is deemed required, defendant CBP admits that this Court has subject matter jurisdiction over a proper action under FOIA.

7. Admits that venue lies in this District.

## PARTIES

8. Because defendant CBP is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in this paragraph, the allegations are denied, except that CBP admits that Hoffman purports to work as an attorney at Syrena Law in Philadelphia.

9. Admitted.

10. Admitted.

## STATEMENT OF FACTS

11. Admitted.

12. Defendant CBP admits the Paragraph 12 allegations, but respectfully refers the Court to the cited document (*i.e.*, Hoffman's February 21, 2019 "request") for a full, fair, and accurate account of its contents.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied as stated. Although as of the time that Hoffman filed her Complaint defendant CBP had not yet produced responsive, non-privileged materials, CBP has since produced all responsive, non-privileged documents to Hoffman.

18. Because defendant CBP is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in this paragraph, the allegations are denied. CBP avers further that, since Hoffman's filing of her Complaint, CBP has produced all responsive, non-privileged documents to Hoffman.

## COUNT I

*No* Violation of the FOIA: *No* Improper Withholding of Agency Records

19. Defendant CBP hereby incorporates the above responses to Paragraphs 1 to 18 of the Complaint as if fully set forth herein.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, defendant CBP denies the allegations.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, defendant CBP denies the allegations. CBP avers further that its search for responsive agency

records was reasonable and adequate, and that it has produced all responsive, non-privileged documents to Hoffman.

22.     Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, defendant CBP denies the allegations. CBP avers further that its search for responsive agency records was reasonable and adequate, and that it has produced all responsive, non-privileged documents to Hoffman.

23.     Admitted.

24.     Denied as stated. Although as of the time that Hoffman filed her Complaint defendant CBP had not yet produced responsive, non-privileged materials, CBP has since produced all responsive, non-privileged documents to Hoffman.

25.     Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, defendant CBP denies the allegations.

### HOFFMAN IS NOT ENTITLED TO HER REQUESTED RELIEF

The paragraph following Paragraph 25 contains Hoffmann's prayer for relief, to which no response is required. To the extent that a response may be required, defendant CBP denies that Hoffman is entitled to the relief requested or to any other relief in this action.

CBP denies all allegations contained in the Complaint that CBP does not expressly admit in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This action is now moot, because defendant CBP has produced all responsive, non-privileged documents to Hoffmann.

### SECOND DEFENSE

CBP's actions in reviewing Hoffman's FOIA request and responding to it are consistent with applicable law and regulations under and including FOIA.

### THIRD DEFENSE

CBP conducted an adequate, reasonable, good faith search for records responsive to Hoffman's FOIA request.

### FOURTH DEFENSE

Hoffman cannot—by contending that defendant CBP should have searched for a specific category of documents (specifically, What's App messages)—rebut the reasonableness and adequacy of CBP's search, from which it has made its production. In neither her FOIA request nor her Complaint in this action did Hoffman ever specify "What's App" messages, and CBP was unaware of their existence until after Hoffman filed her Complaint.

## FIFTH DEFENSE

Hoffman is not entitled to an award of attorney's fees in this action.

Defendant CBP may have additional affirmative defenses that are not known at this time but may become known through further proceedings. Accordingly, defendant CBP reserves the right to assert each and every affirmative or other defense that may be available to it.

WHEREFORE, answering defendant, United States Customs and Border Protection, respectfully requests that the Court dismiss plaintiff Hoffman's claims with prejudice, award costs to defendant, and direct entry of judgment in defendant's favor.

August 4, 2021                                                     Respectfully submitted,

                                                                   JENNIFER ARBITTIER WILLIAMS
                                                                   Acting United States Attorney


                                                                   */s/ Susan R. Becker/gbs*
                                                                   GREGORY B. DAVID
                                                                   Chief, Civil Division
                                                                   Assistant United States Attorney


                                                                   */s/ Eric D. Gill*
                                                                   ERIC D. GILL
                                                                   Assistant United States Attorney
                                                                   615 Chestnut Street, Suite 1250
                                                                   Philadelphia, PA 19106
                                                                   215-861-8250
                                                                   Eric.gill@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing Answer to Complaint upon the following individual via electronic court filing (ECF):

>Karen L. Hoffmann, Esq.
>Syrena Law
>128 Chestnut Street, Suite 301A
>Philadelphia, PA 19106
>karen@syrenalaw.com
>
>*Plaintiff pro se*

Dated:  August 4, 2021               */s/ Eric D. Gill*
                                     ERIC D. GILL
                                     Assistant United States Attorney