IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN L. HOFFMANN, | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | Civil Action No. 20-CV-06427 |
| | : | |
| U.S. CUSTOMS AND BORDER PROTECTION, | : | |
| | : | |
| *Defendant.* | : | |

**U.S. CUSTOMS AND BORDER PROTECTION'S RESPONSE TO
PLAINTIFF'S STATEMENT REGARDING UNRESOLVED ISSUES**

The U.S. Customs and Border Protection (CBP or the Agency) has complied with the Court's June 28, 2023 order. At this juncture, there are no additional responsive documents to be produced. Accordingly, the Agency intends to move for summary judgment and to seek dismissal of this action.

The June 28 Order directed the Agency to take several additional steps. First, CBP had to conduct a revised search of all email accounts in the cbp.dhs.gov domain using the search protocol that it proposed in its Response to Plaintiff's Statement of Interest. Doc. 49. The Agency ran that search and, as it suspected, the revised search resulted in an overwhelming number of documents that were uniformly not relevant to Plaintiff's FOIA request. CBP described the results of the revised search in a letter to Plaintiff and invited Plaintiff to proposed additional terms to refine the revised search. After several communications where Plaintiff requested additional information about the revised search results, and to which the

1

Agency supplied additional information, Plaintiff declined to seek production of the revised search results. Indeed, in her Statement of Unresolved Issues, Plaintiff does not discuss any outstanding issues concerning the Agency's revised email search. Thus, the parties have resolved the email search issue.[1]

Plaintiff does raise issues concerning the active and inactive phones of Port Director Del Rincon and Assistant Port Director Macias. The Agency has complied with the Court's June 28 Order. Specifically, the Agency provided declarations to Plaintiff which described its efforts to collect information about the mobile and inactive phones. That included declarations by the following CBP personnel: Diane C. Bustos, Sr. Attorney, Office of Chief Counsel; Alejo M. Gueda, Local Property Officer for the Eagle Pass Point of Entry, and Anniebeth Labiosa, a CBP Digital Forensic Analyst. *See* Docs. 63-1 through 63-4. Ms. Bustos oversaw the overall collection and review of the mobile phones to comply with the June 28 Order. Mr. Gueda is the property officer at the Eagle Pass Point of Entry who tracked the phones issued to Messrs. Del Rincon and Macias. Ms. Labiosa conducted searches of the phones of Messrs. Del Rincon and Labiosa and found no information responsive to plaintiff's FOIA request; her declaration describe how she conducted the search of the devices.

Plaintiff 's Statement of Unresolved Issues focuses on: 1) that the inactive mobile device assigned to Del Rincon during the January – February 2019 was erased during the pendency of this action; and 2) that the Agency cannot located

---

[1] Separately, the Agency also produced to Plaintiff several Central American Caravans and Migrant Crisis Flow Updates which were outstanding.

2

Macias' agency mobile phone for that same time frame. In its declarations, the Agency has described its efforts to locate Macias' phone without success. The destruction/ erasure of Del Rincon's phone was conducted pursuant to policies designed to protect national security or law enforcement sensitive information that may have been on the device. *See* Bustos March 18, 2024 Decl. Pars. 12-13 (Doc. 63-1).

Plaintiff's proposal to conduct additional discovery—by deposing Messrs. Del Rincon and Macias and to subpoena AT&T for phone records – is improper or, at best, premature. As the Court is aware, discovery in FOIA cases is very limited. *Lane v. Dep't of the Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that in FOIA cases "discovery is limited because the underlying case revolves around the propriety of revealing certain documents."). Once a court determines that the responding agency has released all non-exempt, responsive materials, there is no further judicial function to perform and the FOIA claim is properly resolved in the favor of the agency. *Cause of Action Inst. v. DOJ,* 282 F.2dupp. 3d, 66, 79-80 (D.D.C. 2017). As the Court of Appeals for the District of Columbia explained, "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

Because the Agency has complied with the Court's June 28 Order and produced all responsive documents in its custody and control, it intends to move for summary judgment. At summary judgment, the Agency intends to submit

3

declarations by Macias and Del Rincon which show their lack of involvement in decision-making concerning the issuance, destruction or erasure of their CBP mobile phones. Once the Agency does produce those declarations, there will be no need for any open-ended depositions of them. Indeed, where discovery has been allowed in FOIA matters, it has been limited to the scope and manner of an agency's search. *See Kozacky & Weitzel, P.C. v. United States,* 2008 WL 2188457, at *7 (N.D. Ill. Apr. 10, 2008) (directing agency to answer several of plaintiff's interrogatories concerning nature and adequacy of its search). The Agency is concerned that the Plaintiff seeks depositions of Del Rincon and Macias so she can conduct wide-ranging inquiries into matters *other* than the search of responsive records to her FOIA request. Once the declarations of Del Rincon and Macias are produced, the Court and the Plaintiff will see that there is no need to depose them.

Likewise, Plaintiff's proposal to subpoena phone records from AT & T is improper and beyond the scope of FOIA. FOIA cases involve the search and production of *government* records, not those of private individuals or corporations. Plaintiff improperly seeks to circumvent limited jurisdiction of FOIA in seeking this information which is not in the government's custody or control. *See Kurz-Kasch, Inc. v. U.S. Dep't of Defense*, 113 F.R.D. 147, 147-48 (S.D. Ohio 1986) (quashing FOIA plaintiff's subpoena to private contractor who bid on the same U.S. Army contracts that FOIA plaintiff did).

Accordingly, the Agency intends to move for summary judgment because it conducted a reasonable search for documents responsive to Plaintiff's FOIA's

request and it has complied with the Court's June 28 Order. The Agency suggests the following schedule for summary judgment briefing:

1. August 16, 2024 -- Agency's summary judgment motion;

2. September 13, 2024 – Plaintiff's opposition to summary judgment;

3. September 27, 2024 – Agency's reply memorandum.

                                       JACQUELINE C. ROMERO
                                       United States Attorney

                                       *s/ Eric D. Gill*
                                       ERIC D. GILL
                                       Assistant United States Attorney
                                       615 Chestnut Street, Suite 1250
                                       Philadelphia, PA 19106
                                       Tel.: (215) 861-8250
                                       Eric.Gill@usdoj.gov

Dated: July 1, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Response to Plaintiff's Statement of Unresolved Issues, which has been electronically filed and is available for viewing and downloading from the Court's ECF system, to be served upon plaintiff via First Class Mail to the following address:

Adam Snyder, Esq.
The Allgood Foundation
60 W. Randolph St., Ste. 400
Chicago, IL 60601
asnyder@kjs-law.com

*Counsel for Plaintiff*

           */s/ Eric D. Gill*
           ERIC D. GILL
           Assistant United States Attorney

Dated: July 1, 2024