IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMANN,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>        Defendant. | CIVIL ACTION No. 20-6427 |

## ORDER

AND NOW, this _____ day of _____, 202__, upon consideration of defendant U.S. Customs and Border Protection's Motion for Summary Judgment and any response thereto, it is hereby **ORDERED** as follows:

    1.    Defendant's Motion for Summary Judgment is **GRANTED**.

    2.    **JUDGMENT IS ENTERED** in favor of Defendant and against Plaintiff on all Counts.

    3.    The Clerk of Court is **DIRECTED** to mark this case **CLOSED**.

BY THE COURT:

_____
ANITA B. BRODY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendant. | CIVIL ACTION No. 20-6427 |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, defendant, the United States Customs and Border Protection (the "CBP"), moves the Court for summary judgment. As more fully set forth in the accompanying memorandum of law, the CBP is entitled to summary judgment because it has satisfied its obligations under the Freedom of Information Act, 5 U.S.C. §§ 552, *et seq*. and this Court's prior order (Doc. No. 51 at 2-4) by conducting a search for responsive records in the manner the Court directed and producing the responsive records in the CBP's possession.

             Respectfully submitted,

             JACQUELINE C. ROMERO
             United States Attorney

             GREGORY B. DAVID
             Chief, Civil Division

             /s/ Susan R. Becker
             SUSAN R. BECKER
             Assistant Chief, Civil Division

             /s/ Peter Carr
             PETER CARR
             Assistant United States Attorney

615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel.: (215) 861-8622
Peter.Carr@usdoj.gov

Dated:  November 8, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　　Defendant. | CIVIL ACTION No. 20-6427 |

**MEMORANDUM OF LAW IN SUPPORT OF U.S. CUSTOMS AND BORDER PROTECTION'S MOTION FOR SUMMARY JUDGMENT**

### I.　INTRODUCTION

　　This is a Freedom of Information Act ("FOIA")[1] case in which the Court previously directed the defendant agency, the United States Customs and Border Protection (the "CBP"), to take certain steps when conducting its search for records responsive to the plaintiff's request. *See* Doc. No. 51 at 2-4. Thereafter, the CBP searched the potential sources of information in its possession, in the manner the Court ordered, and made available to the plaintiff the responsive records the search yielded. Accordingly, the case should now conclude with the entry of summary judgment in favor of the CBP.

---

[1] 5 U.S.C. §§ 552, *et seq.*

## II.  UNDISPUTED FACTUAL BACKGROUND

### A. Hoffmann's FOIA Request

On February 21, 2019, the plaintiff in this matter, Karen L. Hoffmann, Esq., submitted a FOIA request with the CBP seeking certain records related to the CBP's processing of migrants crossing into the United States from Mexico at the Eagle Pass Point of Entry in Texas. In particular, Hoffman sought:

- Correspondence and /or communications between CBP agents/employees and an individual named Hector Menchaca;

- Correspondence and /or communications between CBP agents/employees and the telephone number +52-878-703-2497;

- Communications relating to the capacity of CBP to accept asylum seekers for processing at Eagle Pass Point of Entry (Eagle Pass) from January 1, 2019 to February 21, 2019;

- Communications concerning a list of migrants waiting to present themselves at Eagle Pass from January 1, 2019 to February 21, 2019; and

- Communications concerning migrants detained from January 1, 2019 to February 21, 2019.

*See* Doc. No. 1. ¶ 12.

### B. Searches Conducted and Responsive Documents Produced

After receiving Hoffman's FOIA request, the CBP's FOIA Division searched for responsive information in multiple places. It sought information from the Del Rio, Texas sector of U.S. Border Patrol ("USBP"). *See* July 27, 2022, Declaration of Patrick A. Howard (Howard Decl.), attached as Exhibit 1 at ¶ 4. This included a search of email accounts in the cbp.dhs.gov domain. *Id.* at ¶¶5-9. Responsive documents were produced to Hoffman. *Id.* at ¶12. In total, the CBP produced 443 pages of responsive information to Hoffmann. *Id.*

After receiving these documents, Hoffman requested WhatsApp messages sent and received by the CBP personnel from their mobile devices. Because the CPB was unable to globally search these records, it asked Hoffman to identify specific custodians. *See* October 8, 2021, Declaration of John MacNeil ¶ 1 (MacNeil Decl.), attached as Exhibit 2 at ¶¶ 5-6. She identified Paul Del Rincon, the Port Director for U.S. Border Patrol Station Eagle Pass, and Peter Macias, the Assistant Port Director. MacNeil Decl. ¶ 2. Their devices were searched and no responsive WhatsApp messages were found. *See* June 22, 2021 Declaration of David Garcia ¶¶ 1-2 (Garcia Decl.), attached hereto as Exhibit 3; June 23, 2021 Declaration of Bob B. Parker ¶¶ 1-2 (Parker Decl.), attached hereto as Exhibit 4; and November 18, 2021 Declaration of Michael McGehee ¶¶ 2-4 (McGehee Decl), attached hereto as Exhibit 5.

After Hoffman complained that the CBP's production did not include information from the CBP's Office of Field Operations (the "OFO"), the CBP searched for records there. On February 24, 2022, the Agency produced a total of 393 pages of responsive material from the OFO. *See* McGehee Decl. at ¶ 13. After Hoffman reviewed the productions and requested additional records, the CBP conducted a manual search of OFO records. *Id.* ¶ 14. A small number of additional records were produced on July 13, 2022, and July 26, 2022. *Id.*

### C. Hoffman's Additional Requests

Notwithstanding the CBP's production of a significant number of responsive documents and its willingness to engage with Hoffman to provide a comprehensive response, Hoffman continued to press for additional searches. She demanded additional searches of Del Rincon and Macias's mobile devices. During their tenure with the CBP, Del Rincon and Macias had numerous mobile devices. *See* March 18, 2024 Declaration

3

of Diane C. Bustos attached hereto as Exhibit 6; March 18, 2024 Declaration of Alejo M. Guedea attached hereto as Exhibit 7; March 18, 2024 Declaration of Anniebeth Labiosa attached hereto as Exhibit 8; and April 18, 2024 Supplemental Declaration of Diane C. Bustos attached hereto as Exhibit 9. Some of these devices had been wiped or were unavailable for searching. *See* Bustos Decl. at ¶12. The available devices were searched. *See* Labiosa Bustos Decl. at ¶¶5-20. After concluding these searches, the CBP concluded its efforts.

Unsatisfied, Hoffmann initiated this action on December 20, 2020, seeking an order requiring the CBP to conduct further searches and provide any responsive records generated by those searches. *See* Doc. No. 1.

### D. The Parties' Cross Motions for Summary Judgment and this Court's Order

On July 29, 2022, the CBP filed a motion for summary judgment, asking the Court to conclude that it had complied with its FOI obligations. *See* Doc. No. 35. On August 27, 2022, Hoffman filed a cross motion for summary judgment. *See* Doc. No. 37. After both motions were fully briefed, the Court issued an order on June 28, 2023, outlining two additional searches for the CBP to complete. *See* Doc. No. 51.

First, the Court ordered the CBP to conduct an additional search of cbp.dhs.gov email accounts using terms Hoffman proposed. *Id*. To the extent this search yielded an overwhelming number of records, the parties were ordered to meet and confer to refine the search. *Id*. The Court also ordered the CBP to submit a declaration documenting these efforts. *Id*.

Second, the Court ordered the CBP to conduct an additional search of Del Rincon and Macias's mobile devices, and submit a declaration documenting these efforts *Id*. In

4

addition, the CBP was ordered to submit a declaration explaining the sequence of events leading to the wiping of one of Del Rincon's inactive mobile devices and the loss of one of Macias's inactive mobile decides. *Id*. This declaration was also required to describe additional efforts that the CBP undertook to recover data lost from these devices. *Id*.

### E. The CBP's Compliance with the Court's Order

After the Court issued its order, the CBP conducted the additional searches of cbp.dhs.gov email accounts using the search terms specified by Hoffman. *See* November 7, 2024 Declaration of Patrick A. Howard attached hereto as Exhibit 10 at ¶ 5. The search yielded in excess of 271,948 of records from two days of the total requested timeframe. *Id*. at ¶6. If the search had been run for the entire requested timeframe, it would have yielded six to seven million pages of records. *Id*. Counsel for the CBP conveyed these results to Hoffman. *See* September 13, 2023, letter from Gill to Pl.'s Counsel attached hereto as Exhibit 11. Hoffman suggested a limitation of the search, but although this limitation reduced the number of records the overall number was still voluminous. *See* Howard Decl. at ¶10. Counsel for the CBP conveyed this information to Hoffman.[2] *See* October 26, 2023 email from Gill to Hoffman attached hereto as Exhibit 12.

Hoffman's counsel asked the CBP for additional information regarding the search results, which the agency provided. *See* Howard Decl., Ex. 10, at ¶ 10. On February 27, 2024, the CBP produced 650 additional pages to Hoffman's counsel that were responsive to the FOIA request. *Id*. at ¶ 6. This production consisted of material that Hoffman had identified in its summary judgment papers as missing from the agency's

---

[2] Hoffman had also asked for clarification of a previously produced record. CBP counsel provided this clarification. See Ex. 12.

5

earlier productions. *Id.*

The CBP also undertook to comply with the Court's order regarding the collection of information about the mobile and inactive phones of pertinent agency personnel, including: (1) Diane C. Bustos, Sr. Attorney, Office of Chief Counsel, who oversaw the overall collection and review of the mobile phone (Ex. 6); (2) Alejo M. Gueda, Local Property Officer for the Eagle Pass Point of Entry, who tracked the phones issued to U.S. Border Patrol Station Eagle Pass Port Director Paul Del Rincon and Assistant Port Director Peter Macias (Ex. 7); (3) and Anniebeth Labiosa, a CBP Digital Forensic Analyst who conducted searches of the phones (Ex. 8). Labiosa's searches uncovered no information responsive to plaintiff's FOIA request. *See* Ex. 8 at ¶¶ 4-21.

Unfortunately, in December 2019, Del Rincon and Macias received upgraded cellphones due to a defect in the charging ability of the model of cellphone previously assigned to them. *See* Ex. 13 (Del Rincon Decl.) at ¶ 2; Ex. 14 (Macias Decl.) at ¶ 2. The CBP attempted without success to locate the phone Macias had during that time frame without success, and learned that Del Rincon's phone was destroyed pursuant to policies designed to protect national security or law enforcement sensitive information that may have been on the device. *See* Bustos March 18, 2024 Decl. Pars. 12-13 (Doc. 63-1). Accordingly, it was not possible to conduct searches of those devices.

Ultimately, the CBP produced an additional 650 pages of responsive records. *See* Ex. 10 (Howard Decl.) at ¶11. This production included specific material that Hoffman had identified as being absent from the CBP's earlier productions. *Id.*

### III.   STANDARD OF REVIEW

Summary judgment is appropriate where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is

6

warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to her case, and on which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Nearly all FOIA cases are resolved on summary judgment. *Lewis v. EPA*, No. CIV.A. 06-2660, 2006 WL 3227787, at *2 (E.D. Pa. Nov. 3, 2006) ("Summary judgment is the primary avenue for resolving a FOIA dispute."); *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011) ("[T]he vast majority of FOIA cases can be resolved on summary judgment."). Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved because "there is rarely any factual dispute . . . only a legal dispute over how the law is to be applied to the documents at issue." *Gray v. Sw. Airlines Inc.*, 33 F. App'x 865, 869 n. 1 (9th Cir. 2002).

## IV.   ARGUMENT

The CBP is entitled to summary judgment for two reasons. *First*, it complied with its obligations under FOIA. *Second*, it complied with its obligations under this Court's order, and any additional discovery would exceed FOIA's boundaries.

### A. The CBP Complied with its Obligations under FOIA

FOIA was created to grant the public access to government agency documents facilitating a "general philosophy of full agency disclosure…" *Dep't of Air Force v. Rose*, 425 U.S. 352, 360 (1976) (quoting D.Rep.No.813, 89th Cong., 1st Sess., 3 (1965)). Essentially, FOIA requires government agencies to make records available when receiving a request that "reasonably describes such records," and the request is not subject to specific exemptions. *Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1163 (3d

7

Cir. 1995) (quoting 5 U.S.C. § 552(a)(3)).

The government's duty arising under FOIA requires the agency "to conduct a reasonable search for responsive records." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007). In a FOIA challenge, the agency carries the initial burden to demonstrate it made a "good faith effort to conduct a search… using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials … were searched." *Moblet v. CIA*, 806 F.3d 568, 580 – 81 (D.C. Cir. 2015) (quoting *Oglesby*, 920 F.2d at 68); *see also Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982) ("[A]ffidavits that explain in reasonable detail the scope and method of the search for agency records conducted by agency will suffice to demonstrate compliance with the obligations imposed by [FOIA]."). The court will determine the search was adequate if the affidavit shows the search was "reasonably calculated to uncover all relevant documents." *Abdelfattah,* 488 F.2d at 182 (quoting *Oglesby* 920 F.2d at 68). The duty does not require the agency to look into whether other documents could conceivably be responsive to the request, only the adequacy of the search for the requested documents. *Id.* (internal citation omitted).

When an agency fails to locate the requested documents, that failure alone does not make the search inadequate. *Lechliter v. Rumsfeld*, 182 Fed.Appx. 113, 116 (3d Cir. 2006). FOIA "does not obligate agencies to create or retain documents, it only obligates them to provide access to those which it in fact has created and retained." *Id.* (quoting *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 151 (1980)). An

8

agency has not improperly denied or withheld documents in violation of FOIA if they are no longer in possession of the documents for a reason that is not suspect. *Id.*

Here, the CBP complied with its obligations under FOIA. After initial FOIA disclosures were issued, Hoffman further requested that the CBP produce WhatsApp messages from Del Rincon and Macias. WhatsApp is not a typical form of communication for the agency and requires a physical review of the application as its contents cannot be extracted remotely. The CBP reviewed Del Rincon's and Macias' active phones. There were no responsive documents upon this review. Hoffman demanded that the CBP review Del Rincon's and Macias' old, deactivated phones for responsive WhatsApp messages. Unfortunately, Del Rincon's deactivated phone had been wiped, and the CBP was unable to locate Macias's deactivated phone.

Under FOIA, the CBP does not have an independent obligation to retain documents, additionally. *See SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."). There is no evidence that responsive documents were destroyed. In compliance with FOIA, the CBP conducted a reasonable search for responsive documents after Hoffman directed her search to an application on two specified employees' phones. The CBP has not violated FOIA as it conducted a search reasonably calculated to uncover all relevant documents and that is all FOIA requires of the agency. That is all FOIA requires, and for this reason the CBP is entitled to summary judgment.

### C. The CBP Complied with its Obligations Under this Court's Order and Any Additional Discovery Would Exceed FOIA's Boundaries.

"Congress enacted FOIA 'to facilitate public access to Government documents,'" and the statute requires that, generally, agency records be made available to members of the public on demand. *Manna v. DOJ*, 51 F.3d 1158, 1163 (3d Cir. 1995) (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173–74 (1991)). The statute was designed to reduce administrative secrecy, *Ray*, 502 U.S. at 173, and there is a general presumption in favor of disclosure. *U.S. Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976).

Although disclosure is favored, FOIA does not entitle a party to traditional civil discovery. *See In re Clinton*, 973 F.3d 106, 110, 116-17 (D.C. Cir. 2020). In the rare cases where discovery is allowed, it is limited to the scope of the agency's search and similar matters. *See Heily v. U.S. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003); *see also Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1246 (11th Cir. 2008). Where any discovery is appropriate, that discovery must be focused on the agency's search process, not the outcome of its search. *See Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001). For this reasons, discovery aimed at uncovering the substance of records is not permitted under FOIA. *See, e.g., Trentadue v. FBI*, 572 F.3d 794, 808 (10th Cir. 2009) (prohibiting depositions aimed at recreating the content of non-produced records because such discovery was beyond the bounds of a FOIA case).

Here, the Court was specific and discrete in its order, requiring action from the CBP that is permitted under FOIA. The Court required an additional search of cbp.dhs.gov email accounts using terms Hoffman proposed. The CBP completed this search. It yielded an overwhelming number of records. Hoffman's suggestion did not

10

sufficiently narrow the results. Hoffman has now been provided a significant number of documents, including those which are directly responsive to her request.

The Court also required the CBP to conduct an additional search of Del Rincon and Macias's mobile devices and to explain the circumstances under which certain inactive devices were wiped or lost, as well as efforts to recover any data from these devices. As detailed in the attached declarations, those phones were replaced in December 2019 due to a charging defect in the model of phone previously assigned to Del Rincon and Macias. *See* Ex. 13 (Del Rincon Decl.) at ¶ 2; Ex. 14 (Macias Decl.) at ¶ 2. The CBP attempted without success to locate the phone Macias had during that time frame without success, and learned that Del Rincon's phone was destroyed pursuant to policies designed to protect national security or law enforcement sensitive information that may have been on the device. *See* Ex. 6 (Bustos Decl.) at ¶¶ 12-13. Accordingly, it was not possible to conduct searches of those devices.

The CBP has complied with the Court's order. It taken every step outlined by the Court and provided additional responsive records to Hoffman. The CBP has certified its compliance with the order. This is sufficient to show a good faith effort at compliance, and that is all FOIA requires. To demand anything further, especially third-party discovery or depositions of individuals uninvolved in the search process, would exceed the scope of what is permissible under FOIA.

### E.  CONCLUSION

For the foregoing reasons, the CBP respectfully requests that the Court grant its summary judgment motion, dismiss the complaint with prejudice, and close this case.

                                             Respectfully submitted,

                                             JACQUELINE C. ROMERO
                                             United States Attorney

                                             GREGORY B. DAVID
                                             Chief, Civil Division

                                             /s/ Susan R. Becker
                                             SUSAN R. BECKER
                                             Assistant Chief, Civil Division

                                             /s/ Peter Carr
                                             PETER CARR
                                             Assistant United States Attorney
                                             615 Chestnut Street, Suite 1250
                                             Philadelphia, PA 19106
                                             Tel.: (215) 861-8622
                                             Peter.Carr@usdoj.gov

Dated:  November 8, 2024

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date, I caused a true and correct copy of the foregoing Motion for Summary Judgment, which has been electronically filed and is available for viewing and downloading from the Court's ECF system.

                                         /s/ Peter Carr
                                         PETER CARR
                                         Assistant United States Attorney

Dated: November 8, 2024