# Exhibit 8

## Declaration of Anniebeth Labiosa dated March 18, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:20-cv-06427 |
| ) | |
| U.S. CUSTOMS AND BORDER PROTECTION, ) | |
| Defendant. ) | |

**UNSWORN DECLARATION OF ANNIEBETH LABIOSA**

Pursuant to 28 U.S.C. § 1746, I, Anniebeth Labiosa, make the following declaration, which unless otherwise indicated, is based upon my own knowledge and observation.

1. I have been employed by U.S. Customs and Border Protection (CBP), Laboratory and Scientific Services (LSS), since 2014, and am currently assigned to the Federal Bureau of Investigation (FBI), Greater Houston Regional Computer Forensic Laboratory, performing duties as a Digital Forensics Analyst since March 2020. As a CBP employee, from 2014 to 2017 my title was Physical Science Student Trainee; from 2017 to 2023, my title was Forensic Scientist; and since June 2023, my title has been Digital Forensics Analyst.

2. I have extensive training and experience in extracting and analyzing data stored in digital storage media. Specifically, I have attended numerous trainings in digital forensics, including training from the FBI Digital Forensic Examiner (DFE) Training, National White Collar Crime Center (NW3C), and commercial off the shelf (COTS) forensic tools vendor training for mobile, computer, and vehicle forensics from Cellebrite, MSAB, Berla, and Magnet Forensics. I am a Cellebrite Certified Mobile Examiner (CCME) and Magnet Certified Forensic Examiner (MCFE). During my career, I have conducted examinations and data extractions from more than 180 mobile devices.

3. On February 14, 2024, Senior Attorney Diane C. Bustos, CBP Office of Chief Counsel, requested assistance from LSS to forensically examine mobile devices pursuant to a federal court order issued in a Freedom of Information Act (FOIA) litigation titled *Hoffmann v. CBP*, case no. 20-06427. Attorney Bustos requested that the mobile devices listed below be processed for: 1) WhatsApp messages and any other responsive WhatsApp data; 2) text messages; and 3) call logs from the period of January 1, 2019, to February 21, 2019.

4. I reviewed the "Request for Forensic Examination" and "Request for Digital Examination" documents submitted with each device listed below, as well as the court order issued in the above-referenced case which was provided by Attorney Bustos.

5. As part of this request, I received the following CBP-issued mobile devices:

a. **Source Media 1**:
One (1) Space Gray Apple iPhone
Make: Apple
Model: iPhone 8 (A1905)
Serial Number: C8PX9D84JC67
Assigned to: ADFO Paul del Rincon

b. **Source Media 2**:
One (1) Blue Apple iPhone
Make: Apple
Model: iPhone 12 (A2172)
Serial Number: DNPGT40A0DXT
International Mobile Equipment Identity (IMEI): 350725919135978 / 350725919904126
Assigned to: APD Pete Macias

c. **Source Media 3 (Removed from Source Media 2)**:
One (1) Nano Subscriber Identity Module (SIM) Card

Make: AT&T

Integrated Circuit Card Identifier (ICCID): 89012804320179665715

    d.  **<u>Source Media 4</u>**:

One (1) Blue Apple iPhone received in a black Otterbox case

Make: Apple

Model: iPhone 13 (A2482)

Serial Number: CJXMKQT0YC

International Mobile Equipment Identity (IMEI): 359175926182798 / 359175929582507

<u>Assigned to: ADFO Paul del Rincon</u>

    e.  **<u>Source Media 5 (Removed from Source Media 4)</u>**:

One (1) Nano Subscriber Identity Module (SIM) Card

Make: FirstNet

Integrated Circuit Card Identifier (ICCID): 89011003330135993037

    f.  **<u>Source Media 6</u>**:

One (1) Black Apple iPhone

Make: Apple

Model: iPhone 12 (A2172)

Serial Number: Unknown

International Mobile Equipment Identity (IMEI): Unknown

Internal Tracking Number: 8004088399384197

<u>Assigned to: ADFO Paul del Rincon</u>

    g.  **<u>Source Media 7 (Removed from Source Media 6)</u>**:

One (1) Nano Subscriber Identity Module (SIM) Card

Make: AT&T

Integrated Circuit Card Identifier (ICCID): 89012803320276744307

6.    In accordance with my training, I processed the devices as set forth in detail below.

**<u>Source Media 1 (Space Gray Apple iPhone/C8PX9D84JC67) (iPhone 8 - PDR)</u>**:

7. I powered-on the device and a Welcome/Setup screen appeared. When a device is not new, this usually indicates that the device received a major version update, or it was reset. I attempted to access the home screen, but I was unsuccessful. I then connected Source Media 1 to a mobile forensic solution developed by Cellebrite using the current approved version. A full file system extraction was completed and saved under: HT20240206-001.

8. Apple iPhone 8 Extraction Hash:[1]

   SHA256:1A427226ACC1BD3A22A411D3564AB146484A7689D8FFB9880274BDEFEC6D4525

9. On my forensic workstation, I launched Physical Analyzer (v7.66) and uploaded the extraction obtained from Source Media 1. The extraction was successfully parsed, and hashes were verified. I then performed a non-case sensitive keyword search utilizing the following keywords provided by Assistant United States Attorney (AUSA) Eric D. Gill: "Migrant!, Migration, Hector, Menchaca, 528787032497, 2497, Eagle, Pass, Capacity, Warehouse, shelter, asylum, Detain!, Piedras, Negras" from the period of January 1, 2019, to February 21, 2019. Further review of the extracted data did not reveal user-created artifacts.

10. The keyword search returned negative results. No artifacts were found meeting the criteria requested in the court order. A report was created that only contains the device details and saved to the "Reports" folder under HT20240206-001.

**Source Media 2 (Blue Apple iPhone/ DNPGT40A0DXT) (iPhone 12 - PM) and Source Media 3 (Nano SIM-Card)**:

11. I removed source media 3 from source media 2. I then powered-on source media 2 and entered the password provided to unlock the device. I enabled Airplane mode, and disabled

---

[1] An extraction hash is an alphanumerical value automatically created by the tool that verifies the integrity of the data.

Wi-Fi and Bluetooth to achieve full network isolation. I then connected source media 2 to a mobile forensic solution developed by Cellebrite, but the extraction was unsuccessful. Afterwards, I connected the device to a forensic workstation with Cellebrite UFED 4PC (v7.68) and was able to perform a successful extraction. The extraction was saved to a folder under HT20240206-002.

12. Source Media 3 was then examined using a forensic workstation with Cellebrite UFED 4PC (v7.68). I was able to perform a successful extraction from Source Media 3 and the extraction was saved to the folder HT20240206-002.

13. Apple iPhone 12 Extraction Hash:

SHA256:F1A1F6CCF5C68317927426E2BD604134858AAEB61E3D9CC42D7E86E324C87E33

Nano SIM Card Extraction Hash:

SHA256:640B67EF244C4DD083DD949A60BE9B6EAA467FC8825B7B00CDC31293085F92B8

14. On the forensic workstation, I launched Physical Analyzer (v7.66) and uploaded the extractions obtained from source media 2 and source media 3. The extractions were successfully parsed, and hashes were verified. I then performed a non-case sensitive keyword search utilizing the following keywords provided by AUSA Eric D. Gill: "Migrant!, Migration, Hector, Menchaca, 528787032497, 2497, Eagle, Pass, Capacity, Warehouse, shelter, asylum, Detain!, Piedras, Negras" from the period of January 1, 2019, to February 21, 2019. The keyword search returned negative results. No artifacts were found meeting the criteria requested in the court order. A report was created that only contains the device details and saved to the "Reports" folder under HT20240206-002.

**Source Media 4 (Blue Apple iPhone/ CJXMKQT0YC) (iPhone 13 – PDR) and Source Media 5 (Nano SIM-Card):**

15. I removed Source Media 5 from Source Media 4. I then powered-on source media 4, entered the password provided to unlock the device, and configured the device to allow a

connection to the forensic workstation. Once the device was configured, I enabled Airplane mode, and disabled Wi-Fi and Bluetooth to achieve full network isolation. I then connected the device to a mobile forensic solution developed by Cellebrite using the current approved version, but the extraction was unsuccessful. Afterwards, I connected the device to a forensic workstation with Cellebrite UFED 4PC (v7.68) and was able to perform a successful extraction. The extraction was saved to a folder under HT20240206-003.

16. Source Media 5 was then examined using a forensic workstation with Cellebrite UFED 4PC (v7.68). I was able to perform a successful extraction from Source Media 5 and the extraction was saved to the folder HT20240206-003.

17. Apple iPhone 13 Extraction Hash:

SHA256:E2F27F43ABD01EC9568013F5705D27A83B847FC54CA431A86C56D0F70DD2D88B

Nano SIM Card Extraction Hash:

SHA256:1DEBD1AC0D3856B0724F759F7E1640456537E94D67B745C3018EED6FF5685C18

18. On the forensic workstation, I launched Physical Analyzer (v7.66) and uploaded the extractions obtained source media 4 and source media 5. The extractions were successfully parsed, and hashes were verified. I then performed a non-case sensitive keyword search utilizing the following keywords provided by AUSA Eric D. Gill: "Migrant!, Migration, Hector, Menchaca, 528787032497, 2497, Eagle, Pass, Capacity, Warehouse, shelter, asylum, Detain!, Piedras, Negras" from the period of January 1, 2019, to February 21, 2019.

19. The keyword search returned negative results. No artifacts were found meeting the criteria requested in the court order. A report was created that only contains the device details and saved to the "Reports" folder under HT20240206-003.

**Source Media 6 (Black Apple iPhone/ A2172) (iPhone 12 – PDR) and Source Media 7 (Nano SIM-Card)**:

20. I removed source media 7 from source media 6. I then powered-on source media 6 and saw that it was locked by an alphanumeric password. I attempted the passwords provided for source media 3 and 6, however, they did not unlock the device. Due to the alphanumeric lock, no further examination was conducted on source media 6 and source media 7.

21. The hash(es) for the extractions were calculated and verified. All hashes matched. The IMEI, ICCID, serial numbers, and model numbers were also compared to the information extracted to ensure the extraction contents were from the device/s stated above.

22. Following the examination, all mobile devices were returned to the submitters. The data extracted, along with the reports generated from the successful extractions was provided to OCC for further review.

I declare under penalty of perjury that the forgoing statement is true and correct.

___March 18, 2023_____  ANNIEBETH LABIOSA
Date                                                                    _____
                                                                        Anniebeth Labiosa

Digitally signed by ANNIEBETH LABIOSA
Date: 2024.03.18 15:16:59 -05'00'