# EXHIBIT 10

## Supp. Howard Decl. Dated Nov. 7, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMANN,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>      Defendant. | Civil Action No.: 2:20-cv-06427 |

## DECLARATION OF PATRICK A. HOWARD

I, Patrick A. Howard, declare the following to be true and correct:

      1.      I am a Branch Chief in the Freedom of Information Act (FOIA) Division, Privacy and Diversity Office, Office of the Commissioner, U.S. Customs and Border Protection (CBP or the Agency). I have been a Branch Chief in the FOIA Division in Washington, D.C. since February 8, 2015. In this capacity, I oversee a staff of Government Information Specialists, the processing of requests for records submitted to CBP pursuant to the FOIA, the processing of certain requests submitted to CBP pursuant to 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other activities conducted pursuant to applicable records access provisions.

      2.      I am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision and direction to a group of Government Information Specialists responsible for processing requests for release of CBP documents and information, assist with FOIA litigation matters, and I am personally familiar with the processing of FOIA responses, including, at times, by directly reviewing for adequacy and compliance with federal laws and regulations.

      3.      In this declaration, I provide additional information and details regarding the actions that I undertook in order to comply with the Court's June 28, 2023 order accompanying its ruling regarding the parties' summary judgment motions.

      4.      In its June 28 Order, the Court adopted the email search protocol that the Agency proposed in its last summary judgment pleading. The Court directed the Agency to run the email search protocol and the Agency did so.

5.  Specifically, CBP ran the below search across all of the CBP email accounts based on keywords from the plaintiff's FOIA request.

   a. All mailboxes in CBP were searched on two days in the FOIA timeframe, and those days were January 3, 2019 and January 26, 2019.

   b. Terms were grouped as follows:
      1. Group 1: ("Eagle Pass" OR "Piedres Negras" OR Coahuila)
      2. Group 2: (Migrant OR Migration OR Caravan)
      3. Group 3: (detained OR Asylum OR MCAT OR "Migration Crisis Action Team")
      4. Group 4: ("Crisis Flow" OR shelter OR warehouse OR "Capacity of Processing" OR MACESA)

   c. For a record to be considered responsive to the search, it had to contain one term from *each* of the four groups above.

6.  After initial de-duplication, the combined search run pursuant to the above parameters resulted in 523 items totaling 271,948 pages of records. If the above search was executed on the entire date range of January – February 2019 (i.e., almost two months instead of two days), the search had the potential to generate between 6-7 million pages of records.

7.  Not only would this email search be voluminous and burdensome to review, it also would generate material that was non-responsive to Plaintiff's FOIA request. I reviewed the pulled emails and determined the following:

   a. Approximately 10% (58 docs) make up almost the entire pull. Those 58 documents – which were 500 pages or more – accounted for 264,130 of the pages, just over 97% of the total. Among these documents was the following:
      1. A 4,000+ page excel sheet that appears to be about contracts, fines/penalties, etc.;
      2. Emails/spreadsheets from sensitive CBP systems that would be fully withheld from production;
      3. Long emails which appeared to be an audit of some sort, and composed of lists of words and numbers with no context; and
      4. Border Patrol enforcement assessments which were converted from Excel, and due to the number of columns, resulted in documents that totaled over 60,000 pages.

8.  My office conducted additional reviews of the pulled records to further evaluate the results generated by the email search. That additional review showed:

    a. The name "Menchaca" only appeared in the above-identified documents or in emails referring to a CBP employee, not the Hector Menchaca that is the focus of plaintiff's FOIA request.

    b. Almost all hits (including the large documents referred to above) result from combinations of the most common terms. For example, a location from Group 1, one of the generic terms that compose Group 2, "detained" or "asylum" from Group 3, and "shelter" or "warehouse" from Group 4.

    c. More specific terms such as "Migration Crisis Action Team" hit on reports that appear to have already been produced in this litigation.

    d. "Capacity of Processing" and "MACESA" had no hits in the entire document pull.

9. After the AUSA conveyed this information to Plaintiff's counsel, Plaintiff's counsel requested additional information about the search.

10. Plaintiff's counsel asked for additional information regarding the email pull. Specifically, she asked that the Agency run the term "Caravan" against the email search results. When I did so, the email search results were reduced from 523 documents (totaling 271,948 pages) to 124 documents (totaling 124,793 pages). Plaintiff's counsel also asked for information concerning the lengthy excel spreadsheet identified in Par 7.A.1. I identified the column headers to the AUSA in the spreadsheet.

11. On February 27, 2024, I produced 650 additional pages to Plaintiff's counsel (via email) that were responsive to the FOIA request. This production consisted of material that plaintiff had identified in its summary judgment papers as missing from the Agency's earlier productions.

12. Other than the acts described above, I have not undertaken any additional searching of the Agency's emails and electronic documents for responsive documents, nor have I been asked to do so by Agency counsel, the AUSA, or plaintiff's counsel.

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Signed this 7th day of November, 2024.

*Patrick Howard*
_____
Patrick A. Howard
Branch Chief, FOIA Division
Office of the Commissioner
U.S. Customs and Border Protection
U.S. Department of Homeland Security