# Exhibit 11

## Letter from Gill to Adam Snyder, Esq. Kralovec Jambois & Schwartz dated September 13, 2023



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Eric D Gill, Assistant United States Attorney*
*Direct Dial: (215) 861-8250*
*Facsimile: (215) 861- 8618*
*E-mail Address: Eric.Gill@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

September 13, 2023

**VIA EMAIL**
Adam Snyder, Esq.
Kralovec Jambois & Schwartz
60 W. Randolph Street, 4th Floor
Chicago, IL 60601

    Re: *Hoffmann v. U.S. Customs and Border Protection,* 20-CV-06427

Dear Mr. Snyder:

    This is a status update concerning your client's Freedom of Information Act (FOIA) request, CBP-2019-030668, to U.S. Customs and Border Protection (CBP or Agency). In her order dated September 28, 2023, the Court instructed the parties to file a joint status report of the progress of the revised search. To that end, this letter describes the CBP's efforts regarding its search of the Agency email accounts and an invitation for a meet and confer regarding next steps.

    Consistent with the search that it proposed to the Court in its briefing, CBP ran searches across all of the CBP email accounts based on keywords from your FOIA request. Two dates were selected, January 3, 2019 and January 26, 2019. The search was structured as follows:

- All mailboxes in CBP were searched.
- Terms were grouped as follows:
    - Group 1: ("Eagle Pass" OR "Piedres Negras" OR Coahuila)
    - Group 2: (Migrant OR Migration OR Caravan)
    - Group 3: (detained OR Asylum OR MCAT OR "Migration Crisis Action Team")
    - Group 4: ("Crisis Flow" OR shelter OR warehouse OR "Capacity of Processing" OR MACESA)

For a record to be considered responsive to the above search, it had to contain a minimum of *one term* from each of the four groups.

    After initial de-duplication, the combined search for the two test dates resulted in 523 items totaling 271,948 pages of records. Taking the proposed full date range into consideration,

the search has the potential to generate between 6 – 7 million pages of records if the full date range were to be run.

    Not only would the email search be voluminous, it appears that it would primarily include material that is not-responsive to your FOIA request. For example,

- Approximately 10% (58 docs) make up almost the entire pull. Those 58 documents that were 500 pages or more account for 264,130 of the pages, just over 97% of the total. Among these documents:

    - A 4,000+ page excel sheet that appears to be about contracts, fines/penalties, etc.
    - Emails/spreadsheets from sensitive CBP systems that would be full withholds.
    - Long emails which appeared to be an audit of some sort, lists of words and numbers with no context.
    - Border Patrol enforcement assessments which converted from Excel, and due to the number of columns, resulted in documents over 60,000 pages long.

    Additional searches done to further probe the recovered documents revealed the following information:

- The name "Menchaca" only appears in the above-identified documents or in emails referring to a CBP employee, not the Hector Menchaca that is the focus of plaintiff's FOIA request.
- Almost all hits (including the large documents referred to above) result from combinations of the most common terms. Example, a location from Group 1, one of the generic terms that compose Group 2, "detained" or "asylum" from Group 3, and "shelter" or "warehouse" from Group 4.
- More specific terms such as "Migration Crisis Action Team" hit on reports that appear to have already been produced in this litigation.
- "Capacity of Processing" and "MACESA" had no hits in the entire document pull.
- 107 documents (totaling 514 pages) were apprehension reports of individuals, and as such would be withheld by the Agency as outside of your request.
- 85 documents (85 pages) were junk picture files that are non-responsive.
- 56 documents (totaling 2,890 pages) appear to be numerous attachments in HTML format which were excerpts from an immigration law handbook and thus non-responsive.

    Please let us know when you are available to discuss the results of this search further and whether you will be able to provide more precise search terms. The search conducted does not appear to yield responsive information beyond what has already been produced to you. To require the Agency to complete a search of the email accounts for the remaining days -- with such a low prospect of generating responsive information -- would lead to an undue burden on the Agency.

I look forward to discussing this further with you.

        Sincerely,

        JACQUELINE C. ROMERO
        United States Attorney


        */s/ Eric D. Gill*
        ERIC D. GILL
        Assistant United States Attorney