# EXHIBIT 14

## Macias Decl. Dated Nov. 8, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. HOFFMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 2:20-cv-06427 |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) |
| Defendant. | ) ) |

## UNSWORN DECLARATION OF PETE MACIAS

Pursuant to 28 U.S.C. § 1746, I, Pete Macias, make the following declaration, which unless otherwise indicated, is based upon my own knowledge and observation.

1. I am an Assistant Port Director (APD) for U.S. Customs and Border Protection (CBP) at the Port of Eagle Pass. I have worked for CBP since March 1, 2003.[1] I was promoted to Assistant Port Director in April 2013. My duties include, but are not limited to, overseeing chiefs and supervisors in the admissibility department of the Eagle Pass Port of Entry (POE), which includes processing of cases for prosecution, expedited removals, or withdrawals of application. I also oversee the satellite permit station actions, along with complaints from customers or officers. The Intelligence Department also creates reports which I review for accuracy and effectiveness in writing.

2. Based on Agency records collected by Eagle Pass POE local property staff that I reviewed, it is my understanding that from the period of January 1, 2019, through February 21, 2019, the mobile device assigned to me in my official capacity as APD of the Eagle Pass POE was

---

[1] In 1996, I began working for the Immigration and Naturalization Service (INS) as an Immigration Inspector. On March 1, 2003, the majority of INS's functions were transferred to then-newly created entities, including CBP, within the then-newly created Department of Homeland Security.

1 of 3

a Samsung Galaxy S7. I have no independent recollection of the make and/or model of the mobile device assigned to me during that timeframe. Likewise, I have no independent recollection of the make and/or model of any mobile device assigned to me since 2019 other than the phone currently assigned to me. To the best of my recollection, at no point did I have more than one Agency mobile device assigned to me or in my possession. As an APD, I was assigned one mobile device by the Agency.

3. Based on information collected by Eagle Pass POE local property staff which I reviewed, I recently learned that I received a Galaxy S7 on or about June 19, 2018, and received an upgraded mobile device in December 2019 due to a defect with the charging ability of the above-referenced Galaxy S7. The local property staff informed me that they cannot locate paperwork regarding the disposition of that particular Galaxy S7. I have no knowledge concerning the disposition of this mobile device. Similarly, I have no knowledge concerning the disposition of any of my previously assigned mobile devices.

4. Generally, a Local Property Officer (LPO), CBP Technician, Wireless Account Custodian (WAC), or Mission Support Specialist (MSS) contacts me to inform me that I am due for an upgraded phone, and that a new mobile device has been assigned to me. Other than reporting a problem or defect with my mobile device, I am not involved in the determination of when I receive an upgraded mobile device. Once the LPO, CBP Technician, WAC, or MSS receives the new mobile device, they arrange to meet with me to retrieve my current mobile device and activate my new mobile device. I do not keep inactive mobile devices in my possession. It is my understanding that the local property staff is responsible for physical possession of inactive mobile devices from the time an inactive mobile device is turned in to them until the phone is disposed. However, since I have no role in this process, I am not aware of the intricacies of how this process is implemented. I turned over every inactive mobile device assigned to me to whomever received

the replacement mobile device, which would have generally been an LPO, technician, or MSS. I have no independent recollection of to whom I turned in each inactive mobile device.

5.  As APD of the Eagle Pass POE, I am not involved in creating, updating, or maintaining the paperwork the local property officer staff maintain to track assignment, location, receipt, disposition, and destruction of assets such as mobile devices.  Similarly, in my role as APD, I am not involved in the determination as to what course of action is taken with inactive mobile devices (e.g., reassignment or destruction).

6.  On or about May 5, 2021, Brownsville Port Director Bob B. Parker conducted a visual inspection of my then-existing mobile device to search for records sought in the above-captioned case.  I immediately complied with Port Director Parker's request to conduct a visual inspection of my mobile device.

7.  On or about February 13, 2024, I was asked to relinquish my active mobile device for the purpose of digital forensic analysis of the mobile device pursuant to a court order in the above-refenced case.  I immediately turned over my phone to allow Eagle Pass POE staff to ship my active mobile device to the digital forensic analyst conducting the forensic examination.

I declare under penalty of perjury that the forgoing statement is true and correct.

   November 7,  2024  
Date                                                     Pete Macias  
                                                        Assistant Port Director